**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

THE CULTURAL LANDSCAPE FOUNDATION
et al.,

*Plaintiffs,*

    *v.*

U.S. DEPARTMENT OF THE INTERIOR et al.,

*Defendants.*

No. 26 Civ. 1593 (CJN)

<u>**JOINT STATUS REPORT**</u>

On May 11, 2025, Plaintiff filed this lawsuit and a Motion for a Temporary Restraining Order, Preliminary Injunction, and/or Stay of Agency Action (the "Motion"). The Court issued a minute order in response to Plaintiffs' Motion directing the Parties to meet, confer, and file a Joint Status Report addressing the following issues: (1) a proposed briefing schedule for the Motion; (2) a statement addressing whether a hearing on the Motion is necessary, and if so, a proposed date and time for such a hearing; and (3) a statement addressing whether the Parties anticipate factual disputes between affiants. The Parties met and conferred later the same day and report in response to the Court's questions as follows:

(1) The Parties were unable to agree on a joint proposed briefing schedule. Accordingly, their positions are as follows:

    a. **Plaintiffs** are seeking emergency relief from the Court because, as they explain in their motion, with every additional day, further irreparable harm is accruing as Defendants are painting over a historic landmark. Plaintiffs proposed to Defendants that they would be amenable to a longer briefing schedule if Defendants agreed to temporarily halt further painting of the Reflecting Pool during the pendency of the

1

Motion. However, Defendants would not agree to that proposal. Defendants' assertion that Plaintiffs are trying to "leverage their own delay in requesting" emergency relief is baseless. It is Defendants who have barreled ahead with the project with zero public notice and despite Plaintiffs' unanswered inquiries about a Section 106 process, after which Plaintiffs expeditiously obtained representation and prepared their filings. Defendants should not now be permitted to slow down the briefing with unsupported representations in this report about the project, especially when those are contradicted by numerous renderings shared by the administration on social media, *see, e.g.*, Compl. ¶ 47, and when they have no bearing on the irreparability of the participation and information harms suffered by Plaintiffs, *see* Mot. at 19-21. Accordingly, Plaintiffs propose the following schedule:

   i.   Defendants' response shall be due Friday, May 15, 2026.
   ii.  Plaintiffs' reply (if any) shall be due Monday, May 18, 2026.
   iii. Argument on the motion on or about May 20, 2026.

b. **Defendants** disagree that Plaintiffs suffer "further irreparable harm" "with every additional day."  As Defendants have explained to Plaintiffs, their emergency motion—and their lawsuit as a whole—seems premised on a fundamental misunderstanding.  Plaintiffs believe that, when Defendants are finished installing a liner on the Lincoln Memorial Reflecting Pool, the Reflecting Pool will be a "vivid blue," like a "swimming pool." *See, e.g.*, ECF No. 2 at 11. But the bright blue color reflected in the picture on page 4 of the Motion is a primary layer, not the finished coat.  The finished coat—a very dark blue—will be low chroma, consistent with the Reflecting Pool's historic character and design and is intended

2

to enhance the Reflecting Pool's reflectivity. A substantially expedited schedule is thus unnecessary, especially since Plaintiffs concede that they have been aware of this project and its expected completion date for at least two weeks.  They now leverage their own delay in requesting immediately emergency relief.  Plaintiffs also characterize Defendants' action as "irreversible" and "permanent," but Defendants' understanding is that the color of the bottom of the reflecting pool can be changed by applying a new coat of primer and tinted epoxy over the existing coat.  Defendants request to file their opposition ten days after Plaintiffs filed their motion, which is three days after the Local Rule's default schedule for a response to a motion for preliminary injunction.  *See* LCvR 65.1(c). Three additional days are appropriate here because Plaintiffs did not meet and confer with Defendants prior to filing the Motion, *see* LCvR 7(m), and because Defendants delayed two weeks in filing their Motion after learning of the challenged action.  Defendants propose the following schedule:

  i.   Defendants' responsive brief shall be due May 20, 2026;
  ii.  Plaintiffs' reply, if any, shall be due May 21, 2026;
  iii. Argument on the motion shall be on or about 1:00 p.m. on May 22, 2026.

(2) The Parties agree that argument on the Motion will be beneficial, but do not believe at this stage that a hearing with live testimony will be necessary. The parties included a proposed date in their respective proposed schedules above.

(3) The Parties anticipate that there will be some factual disputes but do not believe that live testimony will be necessary to resolve these factual disputes.

  a.   **Plaintiffs** believe that the facts essential to their motion—that Defendants did not conduct reviews under NHPA and NEPA before conducting an undertaking—are

undisputed, however there may be a legal dispute about whether such reviews are required. There also may be a factual dispute as to the precise shade of blue but such dispute is not dispositive of the legal issues at stake in the litigation.

b. **Defendants** deny that the facts underlying Plaintiffs' motion are undisputed. Specifically, Defendants did indeed conduct reviews under Section 106 of the NHPA and NEPA—Defendants completed a streamlined Section 106 review consistent with an existing programmatic agreement to comply with the former and applied a categorical exclusion to comply with the latter.  As we explained, Plaintiffs also mischaracterize the ultimate color of the bottom of the Reflecting Pool.

Dated: May 12, 2026

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

BRADLEY CRAIGMYLE
Deputy Assistant Attorney General

*/s/ John K. Heise*
JOHN K. HEISE (CA Bar No. 331615)
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
U.S. Department of Justice
P.O. Box. 7611, Ben Franklin Station
(202) 598-3312
John.Heise@usdoj.gov

*Attorneys for Defendants*

Respectfully submitted,

*/s/ Alexander Kristofcak*
ALEXANDER KRISTOFCAK*
   (D.D.C. Bar No. NY0717)
JOSEPH MEAD
   (D.D.C. Bar No. 1740771)
NATHANIEL A.G. ZELINSKY
   (D.C. Bar No. 1724093)
WASHINGTON LITIGATION GROUP
1717 K Street NW, Suite 1120
Washington, DC 20006
Phone (202) 521-8734
Fax (202) 521-8745
akristofcak@washingtonlitigationgroup.org

* *Admitted only in California and New York; practicing under the supervision of D.C. Bar members*

*Attorneys for Plaintiffs*

4