# Exhibit L



May 4, 2026

Ms. Jennifer T. Nersesian
Regional Director
National Capital Region
National Park Service
1100 Ohio Drive, SW
Washington, D.C. 20242

*Ref:    Installation of a Tinted Liner, Lincoln Memorial Reflecting Pool*
*Washington National Mall, Washington, D.C.*
*ACHP Case Number: 024916*

Dear Ms. Nersesian:

On April 29, 2026, the Advisory Council on Historic Preservation (ACHP) received correspondence from the National Park Service (NPS) requesting our review and recommendations regarding the subject undertaking. As we understand, the NPS  utilized the "streamlined review" process set forth in the 2008 *Programmatic Agreement among the NPS, the Advisory Council on Historic Preservation and the National Conference of State Historic Preservation Officers for Compliance with Section 106 of the National Historic Preservation Act*  (PA) to consider the undertaking's effect on historic properties. The NPS's correspondence included an April 28, 2026, letter from the District of Columbia State Historic Preservation Officer (SHPO), which objected to the use of the streamlined review process, as well as the NPS's response to the SHPO, dated April 29, 2026.

Based on this information, we understand that the NPS is in the process of installing a tinted liner within the Lincoln Memorial Reflecting Pool, and that it utilized the streamlined review process to determine that the undertaking will not adversely affect historic properties. The SHPO has questioned whether use of that process was appropriate, given the color of the tinted liner, and requested further discussion with the NPS. Consistent with the intent of the PA's Dispute Resolution clause (Stipulation X) and based upon the limited information available to us at this time, the ACHP provides the following preliminary advice.

The 2008 PA requires NPS to utilize an interdisciplinary Cultural Resources Management (CRM) Team management approach in considering effects to historic properties. The PA and accompanying NPS Nationwide Programmatic Agreement National Guidance Document (2022) state that the CRM Team's subject matter experts must be appropriate to the resource types found in the park. Given the nature of this property, it would appear that the expertise of a historical architect or historical landscape architect would be appropriate in determining the application of the streamlined process to these actions. However the Assessment of Actions Having an Effect on Historic Properties (Effects Form), dated March 31, 2026, provides no indication that NPS utilized such expertise. We urge you to clarify whether such expertise was indeed included or otherwise indicate how it will inform ongoing activities.

Notwithstanding this, the Effects Form provides a thorough rationale for the agency's determination that the subject undertaking did not pose adverse effects to historic properties, given the character and design intent of the site. NPS also notes that the use of a tinted epoxy would be a sympathetic treatment, as it maintains the essential visual function and appearance, and aligns with the *Secretary of the Interior's*

ADVISORY COUNCIL ON HISTORIC PRESERVATION

401 F Street NW, Suite 308 • Washington, DC 20001-2637
Phone: 202-517-0200 • Fax: 202-517-6381 • achp@achp.gov • www.achp.gov

*Standards for Rehabilitation*. In making its finding, NPS also noted that the treatment is a minimal and reversible intervention that supports the property's continued preservation.

We understand and are sympathetic to the SHPO's interest in engaging NPS earlier in the planning process for such actions, particularly in light of the PA's Stipulation I.A.5.e, which directs superintendents to initiate Section 106 early in the planning stages of any given undertaking, when the widest feasible range of alternatives is available for consideration, even in circumstances where immediate action may be necessary. Given the potential gap in the CRM Team and the prominence of the Reflecting Pool, it would have been advisable for NPS to have coordinated with the SHPO earlier in project planning to discuss technical specifications and for situational awareness.

While we have noted some confusion over whether the appropriate expertise was utilized in reaching the decision to use the streamlined process and acknowledged some delays in engaging the SHPO, we recognize that the substantive determinations and decisions may be supportable in this case. Given the significance of the historic property, as well as the need to continue with the project in a timely manner due to technical reasons, the ACHP recommends that NPS coordinate a meeting with the SHPO to clarify its path forward. The ACHP is available to participate in such a meeting. If the NPS and SHPO are unable to reach consensus on the undertaking's finding, we urge NPS to consider utilizing the PA's Dispute Resolution clause (Stipulation X) and provide us with all pertinent documentation related to the undertaking so that we may will fulfill our responsibilities under this stipulation expeditiously.

We appreciate the opportunity to provide this preliminary advice. Should questions arise or you require our further assistance, please contact Ms. Jaime Loichinger, Director, Office of Federal Agency Programs (jloichinger@achp.gov) and reference the ACHP Case Number above.

Sincerely,

Reid J. Nelson
Executive Director