**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| THE CULTURAL LANDSCAPE FOUNDATION, et al., | |
| *Plaintiffs,* | |
| v. | Civil Action No. 1:26-cv-01593-CJN |
| U.S. DEPARTMENT OF THE INTERIOR, et al., | |
| *Defendants.* | |

## JOINT STATUS REPORT AND PROPOSED BRIEFING SCHEDULE

Pursuant to the Court's Minute Order dated June 15, 2026, the Parties have met and conferred regarding a schedule for further proceedings. However, the parties were not able to reach final agreement, and offer the following alternative proposals for next steps:

**Plaintiffs' Proposal:**

Counsel met and conferred via video conferencing and reached a tentative agreement regarding future proceedings. However, after the meeting, Defendants reconsidered and unilaterally insisted upon an entirely different schedule, which is set forth as Defendants' alternative proposal below.

Plaintiffs propose a single briefing schedule as follows:

| | |
|---|---|
| July 30, 2026 | Defendants produce the administrative record |
| August 13, 2026 | Deadline for any motions regarding the administrative record |
| August 31, 2026 | Deadline for Plaintiffs to file motion for summary judgment |

1

| October 9, 2026 | Deadline for Defendants to file combined opposition to Plaintiffs' motion, and Defendants' motion to dismiss and/or cross motion for summary judgment |
| November 6, 2026 | Deadline for Plaintiffs' combined opposition to Defendants' motion and reply in support of Plaintiffs' motion |
| December 4, 2026 | Deadline for Defendants' reply in support of their motion |

This schedule will promote judicial efficiency as it combines all issues into a single briefing schedule. Piecemeal briefing is particularly inefficient here, as any jurisdictional arguments Defendants may raise are insubstantial and can be fully addressed as part of this briefing schedule. Should the Court reject Plaintiffs' scheduling proposal, Plaintiffs request that the Court nevertheless enforce the requirement of Local Rule 7(n), which requires transmittal of the administrative record at the time Defendants file "a dispositive motion," including a motion to dismiss. To avoid unnecessary delay, Plaintiffs intend to move for summary judgment promptly after receiving the administrative record.

**Defendants' Proposal:**

Defendants propose the following schedule regarding the next steps in this matter.

| June 30, 2026 | Deadline for Plaintiffs to file an amended complaint, if any. |
| July 30, 2026 | Deadline for Defendants' Motion to Dismiss. |
| August 13, 2026 | Deadline for Plaintiffs to respond to Defendants' Motion to Dismiss. |
| August 20, 2026 | Deadline for Defendants' reply in support of Motion to Dismiss. |

At the outset, Defendants disagree with Plaintiffs' characterization of their conferral. Defendants' counsel discussed with Plaintiffs' counsel a schedule for further proceedings pending confirmation with his management and the affected agency. After doing so, Defendants proposed an alternative schedule that Plaintiffs rejected.

As for the proposal itself, Defendants' schedule logically proposes briefing their motion to dismiss before briefing the merits and any potential disputes about the administrative record. Plaintiffs lacked standing when they filed this suit.  Dkt. No. 12 at 11-17.  This is all the more so now given that the project is complete.  Plaintiffs' theory of harm was premised first and foremost on an understanding of the ongoing project that has proven to be incorrect (i.e., that the Reflecting Pool would be painted "vivid blue," Dkt. No. 1 at 2).  Plaintiffs have yet to articulate a theory of harm that is tethered to the current state of the pool.  Defendants therefore propose that Plaintiffs be given a deadline to amend their complaint, with a motion to dismiss deadline to follow.  Whichever schedule the Court may choose, Defendants reserve the right to move to dismiss Plaintiffs' complaint.

It would not be efficient to brief the merits as part of summary judgment given that Plaintiffs lack standing.  It would likewise not be efficient to produce the administrative record— and potentially have record-related briefing, as Plaintiffs' schedule contemplates—when Defendants are moving to dismiss for lack of standing.  And the Local Rules do not require it. Rather, Local Rule 7(n)(1) does not envision providing a certified list of the contents of the administrative record until the later of 30 days following service of an answer or simultaneously with a dispositive motion that relies on the administrative record.  *See* Minute Order, *Safari Club Int'l v. Jewell*, No. 14-cv-670 (D.D.C. June 23, 2014) ("LCvR 7(n)(1) was amended for the convenience of the Court and addresses cases at the summary judgment stage . . . .").

Following the resolution of Defendants' motion to dismiss, Defendants propose that the Parties meet and confer, and submit a joint status report concerning a schedule for further proceedings, if necessary.  If the Court denies Defendants' motion to dismiss, pursuant to Local Civil Rule 16.3(b)(1), this matter is an action for review on an administrative record under the

Administrative Procedure Act for which the requirements of Federal Rule of Civil Procedure 26 and Local Civil Rule 16.3 do not apply, as this case will be resolved through cross-motions for summary judgment.

Respectfully submitted this 17 of June, 2026.

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice

/s/ *John K. Heise*
John K. Heise
Trial Attorney
Environment & Natural Resources Division
Natural Resources Section
150 M Street, N.E.
Washington, D.C. 20002
(202) 598-3312
John.Heise@usdoj.gov

*Counsel for Defendants*

*/s/ Alexander Kristofcak*
ALEXANDER KRISTOFCAK*
   (D.D.C. Bar No. NY0717)
JOSEPH MEAD
   (D.D.C. Bar No. 1740771)
NATHANIEL A.G. ZELINSKY
   (D.C. Bar No. 1724093)

WASHINGTON LITIGATION GROUP
1717 K Street NW, Suite 1120
Washington, DC 20006
Phone (202) 521-8734
Fax (202) 521-8745
akristofcak@washingtonlitigationgroup.org

* *Admitted only in California and New York; practicing under the supervision of D.C. Bar members*

*Attorneys for Plaintiffs*

4