ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

JOHN K. HEISE (CA Bar No. 331615)
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 598-3312
Email: john.heise@usdoj.gov

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE CULTURAL LANDSCAPE FOUNDATION, et al., <br><br> *Plaintiffs*, <br><br> v. <br><br> U.S. DEPARTMENT OF THE INTERIOR, et al., <br><br> *Defendants*. | Civil Action No. 1:26-cv-01593-CJN |

**RESPONSE TO PLAINTIFFS' SUPPLEMENTAL NOTICE REGARDING
RECENT DEVELOPMENTS**

The National Park Service ("NPS") recently completed over two months of much-needed renovations for the Lincoln Memorial Reflecting Pool. Declaration of Frank Lands ¶ 4. On June 9, 2026, after the rehabilitation project was substantially complete, the U.S. Park Police responded to an NPS report of damage to the Reflecting Pool, including a cut in the caulk over the Reflecting Pool's foam sealant. *Id*. ¶ 5. Beyond that, the tops of roughly 70 fence posts were

1

thrown into the Reflecting Pool. *Id.* NPS plans to repair the Reflecting Pool, including the cuts and any other damage, after July 4, 2026. *Id.* ¶ 6. But none of this has any effect on Plaintiffs' pending challenge to the Reflecting Pool project. They now—again—ask for an expedited schedule without showing that emergency relief is needed to avoid imminent irreparable harm.

On June 22, 2026, Plaintiffs filed a Supplemental Notice Regarding Recent Developments ("Notice"), Dkt. No. 21. In their Notice, Plaintiffs claim that the Lincoln Memorial Reflecting Pool "project is going to be reopened—and significant work may lie ahead." *Id.* at 5. As support, they cite a series of news reports and a social media post—all post-decisional—that say repairs to the pool are needed. These upcoming repairs, Plaintiffs say, "underscore the need for the expedited production of the administrative record and the swift resolution of these proceedings." *Id.* at 1. This is wrong many times over.

**1.** At the outset, these recent developments have nothing at all to do with the legality of the agency decision that Plaintiffs challenge. Plaintiffs challenge the agency's April 2026 decision to resurface the Reflecting Pool. *See, e.g.*, Dkt. No. 1, ¶ 64 (alleging "[t]he commencement of the Reflecting Pool basin resurfacing on or about mid-April 2026 is final agency action"). They plead two counts under the Administrative Procedure Act and, unsurprisingly, seem to agree that judicial review will be based on the administrative record. *See* Dkt. No. 20 at 2 ("Plaintiffs intend to move for summary judgment promptly after receiving the administrative record."); Notice at 1 (asking for "expedited production of the administrative record"). These recent developments occurred after any April 2026 decision and necessarily are not part of any administrative record for the action that Plaintiffs' challenge. *See, e.g.*, *Maritel, Inc. v. Collins*, 422 F. Supp. 2d 188, 195 (D.D.C. 2006) ("The court's review must 'be based on the full administrative record that was before the [agency] at the time [it] made [its] decision.'"

(alterations in original) (citation omitted)); *id.* at 196 ("To ensure fair review of an agency action, therefore, the court 'should have before it neither more nor less information than did the agency when it made its decision.'" (citation omitted)). These developments are thus legally irrelevant to the merits of Plaintiffs' claims.

2. Plaintiffs instead seem to be making a functional argument: swift resolution is necessary because "there is . . . now an opportunity for the Court to require Defendants to undertake the study required by Congress *before* they perform significant additional work and more damage is done." *See* Notice at 5. But they don't even try to back this request up with legal support. This is likely because, generally speaking, a plaintiff must show an imminent threat of irreparable harm when it asks for emergency relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Plaintiffs do not formally move for emergency relief (but reserve their right to do so, *see* Notice at 5), and any new attempt to do so would—again—be futile. Plaintiffs made no clear showing of imminent irreparable harm when they first moved for emergency relief. *See* Dkt. No. 12 at 18-24. Any renewed motion would have the same fatal flaw. (Plaintiffs eventually withdrew their emergency motion.)

3. To be sure, this Court has inherent authority to manage its docket, but there is no good reason to require Defendants to promptly produce the administrative record and to enter an expedited briefing schedule. Plaintiffs lack standing, and it will waste the Court's and the parties' resources to brief merits issues. *See* Dkt. No. 20 at 3-4. Plaintiffs wrongly suggest that our standing argument relies on the project's completion. *See* Notice at 4 n.5. It does not. Plaintiffs lacked standing when they filed suit, *see* Dkt. No. 12 at 11-17, and they lack standing now. Our point about the project's completion was to simply highlight that Plaintiff's claimed

injury was the difference between dark gray and dark blue—hardly an Article III harm. The recent developments in no way resuscitate Plaintiffs' theory of standing.

Finally, Plaintiffs' justification fails on its own pragmatic terms. They suggest the Court must act now so that it can order Defendants to complete a study before completing more work. But they do not claim that such relief would be unavailable if and when the agency finishes any future repair work. Nor do they argue that any future work is irreversible. Taken to its logical conclusion, Plaintiffs' position seems to be that any maintenance or repair work "reopens" the decision they are challenging, and, as they see it, the Court's decision must outrun the agency's work. The Court should reject this attempt to manufacture an exigency.

This case should proceed in the ordinary course, with Defendants moving to dismiss based on Plaintiffs' lack of standing, and proceeding to cross-motions for summary judgment based on the administrative record only if Plaintiffs' claims survive the motion to dismiss.

Respectfully submitted this 24 of June, 2026.

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice

/s/ *John K. Heise*
John K. Heise
Trial Attorney
Environment & Natural Resources Division
Natural Resources Section
150 M Street, N.E.
Washington, D.C. 20002
(202) 598-3312
John.Heise@usdoj.gov

*Counsel for Defendants*

4