**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

THE CULTURAL LANDSCAPE
FOUNDATION *et al.*,

        *Plaintiffs,*

        *v.*

U.S. DEPARTMENT OF THE INTERIOR
*et al.*,

        *Defendants.*

No. 26 Civ. 1593 (CJN)

**MOTION FOR LIMITED EXPEDITED DISCOVERY
TO PRESERVE EVIDENCE**

Pursuant to Federal Rule of Civil Procedure 34, Plaintiffs respectfully ask the Court to order limited, expedited discovery and allow members of their counsel's team to inspect and photograph the Lincoln Memorial Reflecting Pool ("Reflecting Pool" or "Pool") basin before Defendants perform additional modifications to it and fill it with water. The Reflecting Pool's basin is currently exposed after it has been drained,[1] providing a unique but temporary opportunity for Plaintiffs to collect and preserve evidence that may be relevant to this case. Unfortunately, Defendants have erected a fence around the Reflecting Pool and generally prohibit members of the public (including undersigned counsel) from approaching the Pool or the sidewalk surrounding it. Within days, Defendants will make additional modifications to the basin and then fill it with water, forever eliminating the ability of Plaintiffs to observe and document the Pool basin in its current, exposed state and destroying potentially relevant evidence. Therefore, Plaintiffs ask the Court to

---

[1] Gwen Tolbart & Isabel Soisson, *Lincoln Memorial Reflecting Pool Drained Again for Repairs After Setbacks*, Fox 5 NY (July 14, 2026), https://www.fox5ny.com/news/lincoln-memorial-reflecting-pool-drained-again-repairs-after-setbacks.

allow members of Plaintiffs' counsel team (including any investigators and/or experts) temporary access to the sidewalk surrounding the Reflecting Pool for the limited purpose of photographing and inspecting the condition of the basin to preserve that evidence for future use in the case.

Rule 34 provides that a party may be granted "entry onto designated land" so that it can "inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it."  Fed. R. Civ. P. 34(a)(2). Site inspections are commonly allowed when "the specific location relates to the subject matter of the cause of action." *Welzel v. Bernstein*, 233 F.R.D. 185, 186 (D.D.C. 2005). Although such discovery generally must wait until after the Rule 26(f) conference, the Rules expressly allow the Court to order early discovery. Fed. R. Civ. P. 26(d). Courts in this District grant expedited discovery upon a showing of good cause, *Arista Recs. LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6 (D.D.C. 2008), and consider factors such as "the purpose for requesting the expedited discovery," "the burden on defendants," and "the breadth of the discovery requests," *Attkisson v. Holder*, 113 F. Supp. 3d 156, 162 (D.D.C. 2015). Any weighing of these factors strongly favors Plaintiffs' request.

*First*, there is compelling reason to allow Plaintiffs the opportunity to preserve evidence about the state of the Reflecting Pool basin *now* before the Reflecting Pool is altered further and filled with water. Courts commonly grant early discovery when there is a risk that evidence may be lost or destroyed. *E.g.*, *TracFone Wireless, Inc. v. SCS Supply Chain LLC*, 330 F.R.D. 613, 615 (S.D. Fla. 2019) (collecting cases). Here, the risk of spoliation of evidence is not speculative, but real: in their most recent filing, Defendants submitted a declaration stating that they "plan[] to repair the Reflecting Pool, including the cuts and any other damage, after July 4, 2026." ECF No. 22, at 2. Immediately after those changes are made, the Pool will likely be refilled with water. Once modified and refilled, the opportunity for Plaintiffs to document the pool basin will be lost.

2

The condition of the pool basin following Defendants' unlawful alterations is one of the most important facts at issue in this litigation. Indeed, Plaintiffs filed this lawsuit to challenge Defendants' alteration to the Reflecting Pool basin without following Congressionally required procedures. And Plaintiffs' initial fears that Defendants' unlawful actions would harm the Reflecting Pool have come to pass – and then some. As Plaintiffs' amended complaint alleges:

> Because of the resurfacing, the historic character of the Reflecting Pool has been fundamentally altered. The pool is visibly different today than it was before Defendants undertook this project. Exacerbating the injury, immediately after Defendants purported to finish resurfacing and refilling the pool, an algal bloom took over. Defendants took a number of haphazard steps to deal with the algae, and within days the blue liner applied to the bottom of the pool began fraying and peeling… The persistent problems with the pool are the product of Defendants' rushed and poorly conceived plans.

Am. Compl. ¶¶ 9-10, ECF No. 23; *see also id.* ¶¶ 56-59.

Defendants have also emphasized the condition of the Reflecting Pool basin, and have made several representations about its current state and problems with the new surface. For example, in opposing Plaintiffs' motion for a preliminary injunction, Defendants advanced a factual argument about what the Reflecting Pool would look like after resurfacing. Defs.' Opp'n at 13-14, ECF No. 12. Attached to their opposition, Defendants included photographs of the bottom of the basin without water at different stages, Greiss Decl. ¶¶ 15, 34, ECF No. 12-1—the very evidence that Plaintiffs now seek to obtain. After the resurfacing project was completed, Defendants again emphasized the significance of "the current state of the pool." Joint Status Report at 3, ECF No. 20. In their most recent filing, Defendants made further representations about the condition of the Reflecting Pool basin, including the implausible claim that there is "damage to the reflecting pool, including a caulk over the foam sealant that was cut with a sharp knife or razor and destruction of delaminating surface material." Lands Decl. ¶ 5, ECF No. 22-1. Defendants are seemingly attempting to shift blame for the defects in the Pool's basin from their own mishandling

of the resurfacing project. Plaintiffs must be permitted to obtain their own evidence regarding Defendants' factual assertions before Defendants permanently alter and spoliate that very evidence.

*Second*, in contrast to Plaintiffs' paramount interest in preserving evidence before it is forever lost, the burden on Defendants is negligible. Plaintiffs simply seek access to an area of public land that is usually freely accessible and open to the public.[2] Plaintiffs will comply with any reasonable safety or operational requests, coordinate with Defendants on scheduling, and make their visit as brief as possible. "When the burden [on the responding party] is low, such as responding to only one or a few discovery requests, then this factor supports granting the motion for expedited discovery." *Attkisson*, 113 F. Supp. 3d at 165. The absence of any ascertainable burden on Defendants favors Plaintiffs' request.

*Third*, the requested discovery is extremely limited and tailored precisely to Plaintiffs' interest in preserving evidence. Plaintiffs are not at this time seeking wide-ranging discovery on the merits, document requests, or depositions.[3] Nor does this motion ask the Court to stop further modifications. Plaintiffs are simply asking for the ability to spend a few minutes in a public space to preserve evidence before it is lost. The limited nature of the discovery sought strongly favors Plaintiffs' request. *See Attkisson*, 113 F. Supp. 3d at 162 ("In considering a motion for expedited discovery, a court inquires into the breadth of the proposed discovery requests.").

All of these reasons strongly favor Plaintiffs' limited request. Plaintiffs reached out to

---

[2] Plaintiffs are aware that Defendants provided attorneys and investigators in at least one other matter access to the Reflecting Pool, further underscoring that there would be no harm to allowing the access requested in this case.

[3] Plaintiffs reserve the right to seek other discovery as the case progresses or as other circumstances arise that would justify such discovery. Plaintiffs further reserve the right to seek emergency injunctive relief.

Defense counsel to attempt to obtain access without the need for filing a motion, but Defendants denied the request without explanation. Defendants have further indicated that they oppose this motion.

**CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that the Court order Defendants to provide Plaintiffs' counsel with temporary access to the Reflecting Pool.

Dated: July 16, 2026

Respectfully submitted,

/s/ Joseph W. Mead
JOSEPH W. MEAD
  (D.C. Bar No. 1740771)
ALEXANDER KRISTOFCAK
  (D.C. Bar No. 90045623)
NATHANIEL A.G. ZELINSKY
  (D.C. Bar No. 1724093)
WASHINGTON LITIGATION GROUP
1717 K Street NW, Suite 1120
Washington, DC 20006
Phone (202) 521-8734
Fax (202) 521-8745
akristofcak@washingtonlitigationgroup.org

*Attorneys for Plaintiffs*