**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| THE CULTURAL LANDSCAPE FOUNDATION, et al., | |
| *Plaintiffs*, | Civil Action No. 1:26-cv-01593-CJN |
| v. | Hon. Carl J. Nichols |
| U.S. DEPARTMENT OF THE INTERIOR, et al., | |
| *Defendants*. | |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR LIMITED EXPEDITED DISCOVERY TO PRESERVE EVIDENCE**

Plaintiffs filed an Administrative Procedure Act ("APA") case that challenges decisions Defendants made with respect to the Lincoln Memorial Reflecting Pool in late March 2026. *See* Dkt. No. 23 at 26, 29 (alleging APA claims for violations of the National Historic Preservation Act and National Environmental Policy Act); Dkt. No. 25-1 at 6 (Assessment of Effects dated March 31, 2026); Dkt. No. 25-2 at 5 (Categorical Exclusion dated March 31, 2026). The parties are currently briefing Defendants' motion to dismiss, which argues that Plaintiffs lack standing and asks the Court to dismiss this case. Plaintiffs now seek discovery and ask the Court to compel Defendants to provide access to the Reflecting Pool (which is currently closed until August 10, 2026) so Plaintiffs can photograph the Reflecting Pool's basin before Defendants modify the basin and fill it with water. Plaintiffs never explain why discovery is appropriate in this APA case. And they offer no theory for how this purported evidence has any bearing on the relevant legal issues. The motion is baseless, and the Court should deny it.

1

First, in making this request, Plaintiffs seem to have forgotten that they filed an APA case in which ordinary civil discovery is generally prohibited.  "[I]t is black-letter administrative law that in an APA case, a reviewing court should have before it neither more nor less information than did the agency when it made its decision."  *Hill Dermaceuticals, Inc. v. Food & Drug Admin.*, 709 F.3d 44, 47 (D.C. Cir. 2013) (citation omitted); *see also IMS, P.C. v. Alvarez*, 129 F.3d 618, 623 (D.C. Cir. 1997) ("courts base their review of an agency's actions on the materials that were before the agency at the time its decision was made").  A party bringing an APA challenge is "not ordinarily entitled to augment the agency's record with . . . discovery." *Rempfer v. Sharfstein*, 583 F.3d 860, 865 (D.C. Cir. 2009) (ellipsis and citation omitted).  In order to obtain even "limited discovery," a plaintiff must make a "significant showing— variously described as a strong, substantial, or prima facie showing—that it will find material in the agency's possession indicative of bad faith or an incomplete record."  *Air Transp. Ass'n of Am., Inc. v. Nat'l Mediation Bd.*, 663 F.3d 476, 487 (D.C. Cir. 2011).

Here, Plaintiffs ignore these bedrock administrative law principles: they never mention that judicial review of agency action is based on the administrative record the agency compiles. *See Hill Dermaceuticals, Inc.*, 709 F.3d at 47.  Plaintiffs insist that they are entitled to a site visit because the evidence they seek is "potentially relevant," "important," and "may be lost or destroyed" if the Court does not order immediate access.  Dkt. No. 24 at 1, 2, 3.  As we explain below, that is wrong.  But for APA purposes, this completely misses the point because Plaintiffs make no argument that this is the sort of rare bad-faith or irregular-process case in which extra-record discovery would be appropriate.  *See Hill Dermaceuticals*, 709 F.3d at 47.  Discovery, early or not, is not something to which an APA plaintiff is entitled as a matter of course.  The

D.C. Circuit has standards for making this kind of request which Plaintiffs have not bothered to try and meet.  The Court should deny Plaintiffs' request for this reason alone.

Second, the evidence Plaintiffs seek is, in fact, not "relevant" or "important" to their APA claims because it is post-decisional, and as such is not something the Court could consider as a matter of course.  Because courts "will not invalidate the decision as arbitrary and capricious based on the evidence if it was not in the record at the time of the decision," evidence that post-dates a decision is neither part of the record nor something that could render a decision invalid. *Butte Cnty., California v. Chaudhuri*, 887 F.3d 501, 506 (D.C. Cir. 2018) (citation omitted). Courts therefore routinely reject requests to supplement administrative records with post-decisional evidence.  *See, e.g.*, *Stand Up for California! v. United States Dep't of Interior*, 315 F. Supp. 3d 289, 295 (D.D.C. 2018) (reasoning that document that "post-dates the agency's decision . . . could not have been before the agency at the time of the decision"); *Common Sense Salmon Recovery v. Evans*, 217 F. Supp. 2d 17, 21 (D.D.C. 2002) (discovery requests "that concern post-decisional events" are impermissible because "it is established that defendants are not required to include" such information "in the administrative record").

Here, Plaintiffs challenge decisions from March of this year but apparently hope to undermine those decisions with photographs from July.  Under black-letter APA law, that's a non-starter.  Materials belong in the administrative record if an agency "directly or indirectly considered" them.  *Pac. Shores Subdivision, California Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 4 (D.D.C. 2006).  The agency could not have considered photographs from today back in March without a time machine.  It follows that present-day photographs ought not to be part of the administrative record.  And again, Plaintiffs fail to invoke any of the rare exceptions that permit post-decisional evidence.

APA principles aside, Plaintiffs' relevance argument fails on its own terms.  The merits questions before the Court are whether Defendants complied with the NHPA and NEPA.  Both statutes impose the same kind of requirement: that the agency follow the correct procedure and consider impacts of a proposed action before making a decision.  *See City of Alexandria v. Slater*, 198 F.3d 862, 871 (D.C. Cir. 1999); *Seven Cnty. Infrastructure Coal. v. Eagle Cnty.*, 605 U.S. 168, 180 (2025).  The current state of the basin is irrelevant to those procedural questions.  To be sure, Defendants have made statements about how the Reflecting Pool looks or would look when explaining why Plaintiffs lack standing, and to correct various misstatements by Plaintiffs about the project.  *See, e.g.*, Dkt. No. 12 at 12-13.  But Plaintiffs understandably don't argue that the evidence they now seek is relevant to standing: the whole premise of their request is that the evidence will either be "destroy[ed]" (because of the repairs) or become invisible (because of the water).  Dkt. No. 24 at 1.  So the photographs they hope to take are necessarily irrelevant to standing.  And Plaintiffs' argument that the present state of the Reflecting Pool confirms their fears about the project, *see* Dkt. No. 24 at 3, does not move the needle because it has nothing to do with the procedure that Defendants followed before the project was underway.

Third, Defendants have moved to dismiss Plaintiffs' complaint because Plaintiffs have alleged no Article III injury in fact.  *See* Dkt. No. 25.  Courts routinely refuse to require the government to produce an administrative record when a motion to dismiss is pending.  *See Connecticut v. United States Dep't of the Interior*, 344 F. Supp. 3d 279, 294 (D.D.C. 2018); *see also Janay v. Blinken*, 743 F. Supp. 3d 96, 105 (D.D.C. 2024) (similar); *Mdewakanton Sioux Indians of Minnesota v. Zinke*, 264 F. Supp. 3d 116, 123 n.12 (D.D.C. 2017) (similar); *see also In re United States*, 583 U.S. 29, 31–32 (2017) (per curiam) ("Under the specific facts of this case, the District Court should have granted [the government's] motion . . . to stay

4

implementation of the challenged [order to complete the administrative record] and first resolved the Government's threshold arguments . . . .”).

It would be quite extraordinary to allow extra-record discovery while a motion to dismiss is pending.  Not only is the evidence Plaintiffs seek outside the scope of the administrative record, but it's entirely possible that Defendants' pending motion to dismiss will moot Plaintiffs' request.  Defendants respectfully submit that the Court should deny Plaintiffs' request for early, extra-record, post-decisional discovery.

Dated: July 30, 2026

Respectfully submitted,

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General

BRADLEY CRAIGMYLE
Deputy Assistant Attorney General

*/s/ John K. Heise*
JOHN K. HEISE (CA Bar No. 331615)
Trial Attorney
Natural Resources Section
Environment & Natural Resources Division
Natural Resources Section
Ben Franklin Station, P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 598-3312
Email: john.heise@usdoj.gov

*Attorneys for Defendants*