**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

THE CULTURAL LANDSCAPE
FOUNDATION *et al.*,

　　　　　　　　*Plaintiffs*,

　　　　*v.*

U.S. DEPARTMENT OF THE INTERIOR
*et al.*,

　　　　　　　　*Defendants*.

No. 26 Civ. 1593 (CJN)

**REPLY IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR**
**LIMITED EXPEDITED DISCOVERY TO PRESERVE EVIDENCE**

Plaintiffs made a modest request in the face of extraordinary circumstances. Defendants have made repreated representations to the Court (including statements under oath) about the current state of the Reflecting Pool and the reasons for its problems. *See, e.g.*, Lands Decl. ¶ 5, ECF No. 22-1 (NPS official asserting, purportedly based on his own personal knowledge, that "U.S. Park Police responded to an NPS report of of damage to the reflecting pool, including a caulk over the foam sealant that was cut with a sharp knife or razor and destruction of delaminating surface material"). But Defendants also have undertaken to destroy some of the very evidence that could shed light on the veracity of Defendants' claims. *See id.* ¶ 6 (stating that NPS plans to perform further work on the pool). All Plaintiffs' motion sought was a chance to preserve some of that evidence before it is lost forever. Mot. at 1, ECF No. 24.[1]

Even in normal circumstances, a party cannot unilaterally introduce evidence to the Court

---

[1] There may have been significant changes already made to the Reflecting Pool since Plaintiffs filed their motion, so even granting Plaintiffs' motion will not afford them complete relief. Accordingly, Plaintiffs may seek spoliation remedies as appropriate. *See, e.g.*, *Grosdidier v. Broad. Bd. of Governors Chairman*, 709 F.3d 19, 27 (D.C. Cir. 2013).

and then spoliate evidence that could test the party's claims. But these are not normal circumstances. Subsequent developments strongly suggest that some of Defendants' assertions to date about the state of the Pool are *false*. In another matter involving the Reflecting Pool, the Department of Justice filed a statement with the Court that accused the Department of Interior and some of its components—which are defendants in this case—of "provid[ing] less than fulsome information" to Department of Justice (and, by extension, the Court) about the Reflecting Pool's resurfacing and subsequent problems. Gov't Mot. to Dismiss Indictment at 18, *United States v. Hearn*, No. 2026 CF2 10237 (D.C. Super. Ct. July 31, 2026).[2] As documented extensively in that filing, the Department of Justice now has significant evidence that a "rushed and botched installation . . . led to the damage to the lining of the Reflecting Pool," *id.*, and that the most likely explanation is that the "damage [to the Reflecting Pool] was the result of a botched installation and not vandalism as initially represented by [the Department of the Interior]." *id.* at 1.

In short: Plaintiffs are not arguing that discovery *generally* is warranted at this stage, but just that they should be given a chance to preserve evidence about its current condition before it is once again altered by Defendants. Defendants' opposition ignores the context of Plaintiffs' request and makes a number of misdirected arguments attacking strawmen that have little bearing on the circumstances here. Additionally, Defendants make no effort to show that the request is overbroad or that it would impose a material burden on them. The Court should grant Plaintiff's motion.

*First*, it is not that "Plaintiffs seem to have forgotten that they filed an APA case in which ordinary civil discovery is generally prohibited." Resp. at 2, ECF No. 26. Plaintiffs are not moving to open general extra-record discovery at the moment, but are merely making a narrow request that will enable them to preserve evidence relevant to this suit. This is a reasonable request considering

---

[2] A copy of the Government's motion is provided in Exhibit A.

the centrality of the pool to this dispute, especially in light of Defendants' various factual representations about it. *See* Mot. at 3. *Defendants* were the ones to have relied upon extra-record evidence about the state of the pool, and they cannot credibly turn around and now claim such evidence is categorically irrelevant.

Although the question is not yet ripe, there are many reasons why more fulsome extra-record discovery may be eventually appropriate in this unusual case. As Defendants acknowledge, there are indeed situations in which extra-record discovery is permitted in the merits review of APA cases. Resp. at 2; *see also Am. Wildlands v. Kempthorne*, 530 F.3d 991, 1002 (D.C. Cir. 2008) (listing examples). In this case, Defendants' credibility on matters involving the Reflecting Pool is already in doubt, and if Defendants "provided less than fulsome information" to the Department of Justice after its repeated requests, there is every reason to be suspect of their claims of a complete administrative record. Even Defendants' own submissions in this case already reveal irregularity in the government's procedure given the political tampering evidenced in their decisional documents. *See* ECF No. 25-1 at 5 (explaining that the project was "normally not eligible for Streamlined Review" but "given the direction provided by" NPS, DOI, and "White House leadership coupled with the timeline require to complete compliance, there is no other other than to select Streamlined Review"). Furthermore, extra-record evidence may be required to determine the appropriate remedy at the end of the case. *See Hill Dermaceuticals, Inc. v. U.S. Food & Drug Admin.*, No. 11 Civ. 1950 (RCL), 2012 WL 5914516, at \*10 (D.D.C. May 18, 2012), *aff'd sub nom*, 709 F.3d 44 (D.C. Cir. 2013) (court may consider extra-record to the extent it is "relevant to the non-merits factors of [plaintiff's] request for injunctive relief"). But whether or not discovery turns out to be needed, the only question before the Court now is whether evidence can be preserved.

*Second*, Defendants incorrectly argue that the current condition of the pool is a "post-decisional" fact and thus not relevant. Resp. at 3. This is an odd position for Defendants to take, as they are the ones that repeatedly referenced the current condition of the pool. *See* Mot. at 3 (listing examples). In any event, as the Amended Complaint makes clear, the agency actions that are now the subject of this suit are *both* the March decision to resurface the pool as Defendants claim and the subsequent remediation work. *See* Am. Compl. ¶ 78. The scope of that remediation work—and the process Defendants followed in undertaking that remediation—remain important facts to be addressed in this litigation.

*Finally*, Defendants cannot (and do not attempt to) justify the extreme asymmetry at stake: While permitting access to Plaintiffs poses no burden on Defendants, Plaintiffs are faced with the destruction of evidence about facts that Defendants have *already* invoked numerous times in this litigation.

Plaintiffs respectfully request that the Court grant the motion and order Defendants to provide Plaintiffs with temporary access to the Reflecting Pool.

Dated: August 4, 2026

Respectfully submitted,

*/s/ Alexander Kristofcak*
ALEXANDER KRISTOFCAK
   (D.C. Bar No. 90045623)
JOSEPH MEAD
   (D.C. Bar No. 1740771)
NATHANIEL A.G. ZELINSKY
   (D.C. Bar No. 1724093)
WASHINGTON LITIGATION GROUP
1717 K Street NW, Suite 1120
Washington, DC 20006
Phone (202) 521-8734
Fax (202) 521-8745
akristofcak@washingtonlitigationgroup.org

*Attorneys for Plaintiffs*