**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| THE CULTURAL LANDSCAPE FOUNDATION *et al.*,<br><br>*Plaintiffs*,<br><br>*v.*<br><br>U.S. DEPARTMENT OF THE INTERIOR *et al.*,<br><br>*Defendants*. | No. 26 Civ. 1593 (CJN) |

**PLAINTIFFS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiffs respectfully notify the Court of *National Park Service v. National Trust for Historic Preservation in the United States*, No. 26A203, 609 U.S. ___ (Aug. 31, 2026) (per curiam) (on application for stay) (the "Order"), issued after Plaintiffs filed their supplemental brief (ECF No. 31) on August 28, 2026. A copy is attached as Exhibit A.

The Court granted a stay of the district court preliminary injunction at issue in *National Trust*, concluding that the government is "likely to prevail in showing that the Trust lacks standing." Slip op. 2. The Chief Justice, joined by three Justices, dissented.

Plaintiffs note the following regarding the Order's bearing on Defendants' motion to dismiss in this matter:

1. The Order resolves an application for a stay pending certiorari and does not decide the merits. The Court concluded "only that, based on the submissions before us, the government is likely to prevail." Slip op. 7. The stay terminates automatically should certiorari be denied. *Id.* The D.C. Circuit's opinion has not been vacated or reversed.

2. The Court's analysis rested on facts materially different from the facts here. As the

Court described it, the member of the plaintiff organization "expects to visit the neighborhood around the White House 'about once a month,'" and objects that she "finds the 'scale,' 'height,' and 'massing' of the government's design distasteful." Slip op. 3. Mr. Birnbaum does not allege mere presence in the surrounding neighborhood; he alleges that the Lincoln Memorial Grounds and Reflecting Pool are his "go-to place for walking, reflecting, and taking respite." First Amended Complaint ("FAC") ¶ 19, ECF No. 23. N

3. The Court reaffirmed aesthetic injury cases in which "the plaintiff's injuries involved *more* than mere offense," citing *Laidlaw*, where discharges forced plaintiffs to abandon fishing, camping, swimming, and picnicking " 'in and near the river' as they had in the past" and *Summers*, where the government conceded that a member's injuries to his "recreational interests" in a national forest had sufficed for standing. Slip op. 4. Mr. Birnbaum's allegations are of that character. He does not allege mere offense; he alleges recreational use of the Lincoln Memorial Grounds—his "go-to place for walking, reflecting, and taking respite from the demands of his work," FAC ¶ 19—and that Defendants' alteration of the resource has already diminished that use, FAC ¶¶ 20, 61.

For these reasons, the Order supports Plaintiffs' arguments regarding standing. The Court should deny Defendants' motion to dismiss.

Dated: September 1, 2026

Respectfully submitted,

*<u>/s/ Alexander Kristofcak</u>*
ALEXANDER KRISTOFCAK
(D.C. Bar No. 90045623)
JOSEPH MEAD
(D.C. Bar No. 1740771)
NATHANIEL A.G. ZELINSKY
(D.C. Bar No. 1724093)
WASHINGTON LITIGATION GROUP
1717 K Street NW, Suite 1120
Washington, DC 20006

Phone (202) 521-8734
Fax (202) 521-8745
akristofcak@washingtonlitigationgroup.org

*Attorneys for Plaintiffs*